IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CLINTON J. PEARSON, JR., # 155536, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 2:14cv100-MEF |
| | ) (WO) |
| GARY HETZEL, *et al*., | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed on February 14, 2014, by Clinton Pearson, Jr. ("Pearson"), a state inmate currently incarcerated at the Holman Correctional Facility. In his petition (Doc. No. 1), Pearson challenges the convictions, pursuant to his guilty plea, on three counts of first-degree robbery imposed upon him by the Circuit Court of Montgomery County, Alabama, on March 3, 1997. The trial court sentenced Pearson to life on each conviction to run concurrently. *See Pearson v. Bullard*, *et al*., Civil Action No. 2:02cv924-WHA (M.D. Ala. 2002).

**I. DISCUSSION**

The instant habeas petition represents Pearson's fifth such attempt at challenging the merits of his robbery convictions entered against him by the Circuit Court of Montgomery County in 1997. Pearson's most recent prior federal habeas petition, filed on June 26, 2013, was denied and dismissed as successive on August 7, 2013. *See Pearson v. Patterson, et al.*, Civil Action No. 2:13cv454-WHA (M.D. Ala. 2013).

Pursuant to the provisions of 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(2)]."  28 U.S.C. § 2244(b)(3)(B) and (C). It appears from the pleadings filed by Pearson that he has not received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court to consider a successive application for habeas relief.  "Because this undertaking [is Pearson's] [fifth] habeas corpus petition and because he had no permission from [the Eleventh Circuit] to file a [successive] habeas petition, ... the district court lack[s] jurisdiction to grant the requested relief."  *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001). Consequently, the instant petition for habeas corpus relief should be denied and this case summarily dismissed.  *Id*. at 934.

## II.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the undersigned Magistrate Judge that:

1.  The 28 U.S.C. § 2254 petition for habeas corpus relief filed by Pearson on

February 14, 2014, be DENIED.

2.   This cause of action be DISMISSED in accordance with the provisions of 28 U.S.C. § 2244(b)(3)(A) as Pearson has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing a federal district court to consider his successive habeas application.

It is further

ORDERED that on or before March 10, 2014, Petitioner may file an objection to the Recommendation.  Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Petitioner  objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  Petitioner is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th  Cir. 1982).  *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th  Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th  Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 24 day of February, 2014.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE